**CHICAGO, R. I. & P. RY. CO. v. BOND, Adm'r.**

No. 14238—Opinion Filed Nov. 6, 1923.

(Syllabus.)

1. Removal of Causes—Removal by Nonresident Defendant — "Proper Federal Court District."

A corporation sued in the courts of a state of which neither it nor plaintiff is

a resident may remove the case into federal district court of that state, under sections 28 and 29 of the Judicial Code, permitting any suit of a civil nature of which the district courts have jurisdiction to be removed into the district court of the United States for the proper district by the defendant, being a nonresident of the state, the proper district being defined to be that in which the county is situated from which the removal is made.

## 2. Same—Petition for Removal — Effect Upon Jurisdiction.

Where the defendant, resident of another state, regularly and strictly in accordance with Act Cong. Sept. 24, 1789, c. 20, 1 Stat. 73, known as the "Judiciary Act," as amended by Act March 3, 1887, c. 373, sec. 1, 24 Stat. 552, and by Act Aug. 13, 1888, c. 866, 25 Stat. 433 (U. S Comp. St. sec. 1010), his petition in the state court for the removal of the cause to the United States court, and gives the required notice and offers a sufficient bond for the approval of the state court, the said court should order the case removed, and all further proceedings there are coram non judice and void, and failure of said courts to make said order of removal constitutes reversible error.

Error from District Court, Grady County; Cham Jones, Judge.

Action by J. W. Bond, administrator of the estate of Eunice Hancock, deceased, against the Chicago, Rock Island & Pacific Railway Company, a corporation. Judgment for plaintiff. and defendant appeals. Reversed and remanded.

C. O. Blake, W. R. Bleakmore, A. T. Boys, and W. F. Collins, for plaintiff in error.

Bond, Melton & Melton and A J. Morris, for defendant in error.

MASON, J. The defendant in error, plaintiff below, commenced this action against the plaintiff in error, defendant below, for the recovery of a sum of $25,000 damages by reason of the death of Eunice Hancock, deceased, alleged to have been killed by reason of the negligence of the defendant company when the deceased was struck by one of the defendant's trains at a crossing on said railway company's tracks and right-of-way in Grady county, Okla.

The deceased was a citizen and resident of Grady county, Okla., and the defendant, Chicago, Rock Island & Pacific Railway Company, is a consolidated organization, organized and existing under the laws of the states of Illinois and Iowa, and is not a citizen or resident of the state of Oklahoma, but, before and at the commencement of this suit, was operating a line or lines of railway for the carriage of passengers and freight and maintaining depots, stations, etc., in the state of Oklahoma; one of its lines passing through the counties of Grady and Caddo, Okla.

The action was begun in the district court of Caddo county, Okla., which county is in that part of the state of Oklahoma comprising the Western District of the United States Court of Oklahoma. The defendant, before the time to answer in said case had expired, filed its petition in said cause praying that said cause be removed from the district court of Caddo County, Okla., to the United States Court for the Western District of Oklahoma. Said petition for removal set up the citizenship of the parties, the amount sued for, and presented with its petition proof of notice as required by law, and also filed with its petition a good and sufficient bond conditioned as the law requires, and alleged that the suit was of a civil nature, wherein the amount in controversy exceeded, excessive of interest and cost, the sum of $3.000 and was between citizens of different states.

This petition for removal came on for hearing before the Hon. Will Linn, judge of said district court of Caddo county, and said court denied said petition and held that said cause was not removable to the United States court, because neither plaintiff nor defendant was a resident of the district of the United States court in which the action was pending. The case was afterwards transferred to Grady county, Okla., and there tried, which resulted in a judgment for the plaintiff.

We are, however, limited in this case to the sole question of whether the court erred in denying the petition for removal to the United States Court for the Western District of Oklahoma. We have examined the petition, notice, and bond, and they appear in all things to comply with the law for the removal of causes from a state to a federal court. The general rule is that, when a defendant presents a proper petition, gives a required notice, and files with his petition a good and sufficient bond, it is the duty of the court to order the removal of said cause to the United States court in accordance with the prayer of the petition. Upon examination of the petition, notice, and bond filed in this case, we are of the opinion that the trial court probably followed the case of St. L. & S. F. Ry. Co. v. Hodge, 53 Okla. 427, 157 Pac. 60, which case follows Ex parte Wisner, 203 U.

S. 449, 51 L. Ed. 264; and the case of In the Matter of Albert N. Moore, an Infant, 209 U. S. 490, 52 L. Ed. 904. In these cases the court held that where both plaintiff and defendant were noresidents of the state or district in which the suit was brought, the case was not removable, because it could not be removed to the district court of the plaintiff's residence.

These cases, however, have been overruled or modified in the case of Lee v. Chesapeake & Ohio Ry. Co., decided January 22, 1923, 67 L. Ed. 256, Ad. Opinions February 15, 1923. In this case, Lee, who was a resident of the state of Texas, brought suit in the state court, which included Bracken county, Ky., against the Chesapeake & Ohio Ry. Company, a corporate citizen of the state of Virginia, and it was urged that the case was not removable because it could not be removed to the United States district court of the plaintiff's residence, but the opinion of the court, by Judge Van Devanter, holds that the case was removable and that in removing it the county in which the suit was pending in the state court fixed the venue for the purpose of removal. The first and second paragraphs of the syllabus are as follows:

"1. The provision in section 51 of the federal Judicial Code, that where jurisdiction is founded on diversity of citizenship, suit shall be brought only in the district of residence of either plaintiff or defendant, does not limit the jurisdiction of the district courts, but merely confers a personal privilege on defendant, which he may assert or waive, at his election."

"2. A corporation sued in the courts of a state of which neither it nor plaintiff is a resident may remove the case into the federal district court of that state, under sections 28 and 29 of the Judicial Code, permitting any suit of a civil nature of which the district courts have jurisdiction to be removed into the district court of the United States for the proper district by the defendant, being a nonresident of the state, the proper district being defined to be that in which the county is situated from which the removal is made."

Under the rule thus announced, we must hold that the case at bar was removable, and that the district court of Caddo county erred in refusing to grant the petition for removal.

Counsel for defendant in error have devoted most of their brief to a discussion of the failure of the bond included in the case-made to show that the same had been signed either by the principal or the surety. But, since filing the briefs in this case, a showing has been made that the court reporter, in preparing the case-made, had inadvertently failed to show such signatures, and the case-made has been withdrawn under order of this court and corrected under the supervision of the trial judge, and the record now discloses that the bond was properly executed, and therefore that part of the argument of counsel does not apply to the record as it now stands.

It is next contended that the petition for rehearing was denied by Judge Linn, but he did not sign the case-made. We do not think that this point is well taken. The case-made shows that Judge Linn passed on the motion to remove to the federal court, and that Judge Jones tried the case on its merits and signed the case-made. This often occurs where two or more judges make orders at different times in the progress of a case, but they are always incorporated in the case-made, and the judge who finally disposes of the case on its merits signs the case-made.

For the reasons above stated, the judgment of the trial court, denying the removal of this cause to the federal court, was error, and for that reason the case is reversed and remanded, with directions to grant the prayer of the petition for removal and remove said cause to the federal court as prayed for.

JOHNSON, C. J., and KENNAMER, COCHRAN, BRANSON, and HARRISON, JJ., concur.