## CHERRY v. ARNWINE.

No. 17510. Opinion Filed Sept. 13, 1927.

(Syllabus.)

**1. Explosives—Degree of Care Required.**

The degree of care required of persons having the possession and control of dangerous explosives, such as dynamite, is of the highest. The utmost care must be exercised, respecting the care and custody of such instrumentalities, to guard against injury to others.

**2. Same—Degree of Care to Protect Chi'dren.**

The degree of care must be commensurate with the dangerous nature of the article, and is greater and more exacting as respects young children.

**3. Negligence—Negligence and Proximate Cause as Questions for Jury.**

The question of negligence, where there is competent evidence introduced from which reasonable men might draw different conclusions, is one for the jury, and. under like circumstances, the question of proximate cause is one for the jury.

**4. Same.**

Where the evidence reasonably tends to establish original or primary, negligence, and such evidence raises the question of the proximate cause of the injury, whether the original negligence or any intervening and independent cause, and reasonable men may draw different conclusions therefrom, the case is one for the jury.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Eddie Arnwine. by his next friend. E. Arnwine, against J. W. Cherry. Judgment for plaintiff, and defendant appeals. Affirmed.

Walter Mathews, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

MASON, V. C. J. This action was commenced by Eddie Arnwine, by his next friend, E. Arnwine, against J. W. Cherry, as defendant, to recover damages for injuries received by the plaintiff in an explosion of dynamite alleged to have been the result of negligence of the defendant. The cause was tried to a jury, and judgment was rendered for the plaintiff in the sum of $450, from which the defendant appeals. For convenience. the parties will be referred to herein as they appeared in the trial court.

The facts in substance are as follows:

Eddie Arnwine, the plaintiff, was a small boy, seven years of age, residing with his parents on a farm owned by the defendant. The defendant, in an effort to get rid of alkali spots on the farm, had been shooting or exploding them by the use of dynamite; that no dynamiting had been done for a week or more prior to the time of the accident complained of; that during this time, the dynamite, dynamite caps, fuse and a box of matches had been placed in a small box and deposited in a corner of the fence in a field of said farm, used as a cow pasture; that on the evening of the 12th day of July, 1924, the plaintiff. who had been sent after the cows belonging to his family, found them near the corner of the pasture where the dynamite was stored; that the plaintiff took some of the contents from the box to

which he applied a lighted match, causing the explosion and damage complained of. One of his hands was seriously and permanently injured, which necessitated his being confined in the hospital for several weeks.

The plaintiff in error concedes that the evidence reasonably supports the finding that the defendant left this explosive in the pasture and that the plaintiff found it and lighted a match to one of the caps, which caused the explosion and injury complained of.

For reversal, the principal question presented is whether the leaving of these explosives in the pasture was negligence per se, and if so, whether it was the proximate cause of the injury.

Some contention is made in the brief of plaintiff in error that the plaintiff was a trespasser at the time of the accident. This question was not presented to the trial court, and an examination of the record discloses that it is without merit. As we view the case, however, that question would be immaterial.

It is a well-settled rule of law that requires each person to use such care for the safety and well-being of others in and about the keeping of his property as an ordinarily prudent person would have used under all the facts and circumstances of the case, and the failure to use such care is negligence; and he who does, or permits, a wrongful act is liable for the consequences which ensue in the ordinary and natural course of events, although such consequences be immediately and directly brought about by intervening causes, if such intervening causes were set in motion by the first or original wrongdoer. See Pollard v. Oklahoma City Railway Co., 36 Okla. 96, 128 Pac. 300.

In other words, where the negligence of the defendant is the proximate cause of the injury, the fact that there are other concurring culpable causes will not preclude a recovery in an action thereon.

Dynamite is an extremely hazardous article in the hands of matured persons and much more so in the hands of a child. The degree of care required of persons having the possession and control of dangerous explosives, such as dynamite, is of the highest. The utmost caution must be used in its care and custody to the end that others may

not be injured from coming in contact with it. As to children, the care required to be exercised is measured by the maturity and capacity of the child. Sioux City & P. R. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745. What would constitute reasonable care with respect to adults might be gross negligence as applied to a young child. There is nothing so attractive to young boys as articles of an explosive nature, and the greater the volume of sound that may be produced therefrom, the greater the attraction. Young children are incapable of comprehending the dangers in handling or exploding the same, and their natural instincts urge them into experiments with it whenever it comes within their reach.

The defendant in the instant case left the dynamite exposed upon said premises with the knowledge that the plaintiff and other children resided thereon and were apt to come in contact with it.

The trial court overruled the defendant's demurrer to the plaintiff's evidence, and in this we do not think the trial court erred.

The question of negligence, where there is competent evidence introduced from which reasonable men might draw different conclusions, is one for the jury, and, under like circumstances, the question of proximate cause is one for the jury. City of Tulsa v. McIntosh, 90 Okla. 50, 215 Pac. 624.

The jury, by its verdict, having found that the action of the defendant in leaving this dynamite exposed to the plaintiff was negligence and the proximate cause of the plaintiff's injury, and there being competent evidence reasonably tending to support such verdict, it will not be disturbed by this court on appeal.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK and RILEY, JJ., concur.

Note.—See under (1) 25 C. J. p. 185, §8; anno. 10 L. R. A. (N. S.) 376; 11 R. C. L. p. 662; 2 R. C. L. Supp. p. 1299; 6 R. C. L. Supp. 667. (2) 25 C. J. p. 185, §8; anno. 14 L. R. A. (N. S.) 586; 24 L. R. A. (N. S.) 1258; 42 L. R. A. (N. S.) 840; 11 R. C. L. p. 664; 2 R. C. L. Supp. p. 1299; 5 R. C. L. Supp. p. 614; 6 R. C. L. Supp. p. 668. (3) 29 Cyc. pp. 630, 639; 11 R. C. L. p. 665; 2 R. C. L. Supp. p. 1301; 5 R. C. L. Supp. p. 614; 6 R. C. L. Supp. p. 667. (4) 29 Cyc. p. 639.