## RATLIFF et al. v. NAU.
### No. 2034.

Court of Civil Appeals of Texas. Beaumont.
Jan. 29, 1931.

Rehearing Denied Feb. 25, 1931.

Geo. G. Clough, of Houston, for appellants.

Ross, Wood, Lawler & Wood, of Houston, for appellee.

WALKER, J.

Appellee makes the following statement of the nature and result of this suit, as tried in the lower court, which we adopt:

"Appellee's suit was against Herman Brown and J. L. Root, independent executor of the estate of Dan Root, (the executor being substituted for Dan Root who died while the suit was pending) and against C. M. Ratliff and C. H. Welch, appellants, appellee alleging that Brown and Root, partners, had a contract from Harris County for the improvement of a section of Lawndale Avenue, or Road, in the City of Houston by which contract they were required to clear a portion of the right of way of trees and stumps—about 1.15 acres, or that portion of the right of way extending approximately 2500 feet south and east of Bray's Bayou. That in clearing such right of way of trees and stumps Brown and Root, their agents, servants and employees, C. M. Ratliff and C. H. Welch, used dynamite and dynamite caps to explode the dynamite. Appellee further alleged that Lot 1, Block 2, of Kenmore Addition to the said City of Houston (the southeast. corner of the intersection of Kenmore Avenue and Lawndale Road) abutted upon Lawndale Avenue or Road which was under improvement, and that Brown and Root, or their servants and employees C. M. Ratliff and C. H. Welch, the appellants, while performing such work, negligently left, or stored, and failed to remove, a box, or boxes, of dynamite caps upon this lot. Appellee further alleged that while lawfully in possession of such lot as lessee and while engaged in cutting weeds thereon with a sickle, he struck a box of such dynamite caps, concealed in the grass and weeds, causing such caps to explode, seriously injuring appellee. Appellee, in the alternative, pleaded that if C. M. Ratliff and C. H. Welch, appellants, were not employees of Brown and Root, then they were partners employed in part in the business of clearing, grading and otherwise improving highways; that they had a sub-contract from Brown and Root for the work of clearing Lawndale Road, and in performance thereof, they and their servants and employees did the blasting work alleged, and in the course thereof committed the negligent acts complained of. Appellee asserted several theories by which he sought to hold Brown and Root. despite their being independent contractors, which theories were not sustained by the trial

court and are not material to note here. Appellee sought damages for medical and hospital services, physical pain and suffering and loss of earnings and business. Appellants C. M. Ratliff and C. H. Welch answered separately, and in addition to numerous special exceptions, pleaded general denial and denied under oath that they were partners. George Brown, an original defendant, was dismissed from the suit. Brown and Root answered and in addition to numerous special exceptions and general denial, pleaded that Welch and Ratliff, appellants, were sub-contractors and independent contractors for whose acts Brown and Root were not liable. Brown and Root asked for judgment over against Welch and Ratliff, appellants, for such amount as might be rendered against them. The trial court overruled motion for instructed verdict, the case was submitted to the jury upon special issues, which were answered favorably to appellee, and judgment was rendered on December 20, 1929, in favor of appellee against appellants C. M. Ratliff and C. H. Welch. The trial court sustained the defense of independent contractor asserted by Brown & Root and rendered judgment that appellee recover nothing against them. No appeal was taken from this portion of the judgment, and the only parties to the appeal are C. M. Ratliff and C. H. Welch, the appellants, and John Nau, the appellee. Appellants, C. M. Ratliff and C. H. Welch, filed original and amended motion for new trial which was heard, duly considered and overruled by the trial court, to which appellants excepted and gave notice of appeal. Appellants filed supersedeas bond and the case is here for review."

The following issues were submitted to the jury, answered as indicated:

"Special Issue No. 1. Do you find from a preponderance of the evidence that on or about June 7, 1928, the plaintiff, John Nau, was injured by the explosion of box of dynamite caps?" Answer: "Yes."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the said box of dynamite caps were placed upon the premises where the explosion occurred by the defendants Welch & Ratliff, or their agents or employees?" Answer: "Yes."

"Special Issue No. 3. Was such act negligence?" Answer: "Yes."

"Special Issue No. 4. Was such negligence the proximate cause of plaintiff's injuries?" Answer: "Yes."

"Special Issue No. 5. Was the failure of the defendants, Ratliff & Welch to remove said dynamite caps negligence?" Answer: "Yes."

"Special Issue No. 6. Was such negligence the proximate cause of plaintiff's injuries?" Answer: "Yes."

"Special Issue No. 7. What sum of money, if paid to the plaintiff in cash at this time, would fairly and adequately compensate him for such damages as you may believe he has sustained as a result of the explosion, taking into consideration the following elements, and them only:

"(1) Physical and mental pain suffered by him in the past, if any, and such as you may believe he will in reasonable probability suffer in the future, if any;

"(2) The reasonable and necessary expenses for medical and surgical attention and hospital expenses, if any; and

"(3) The reasonable value of the earnings lost by him in the past, if any, and the reasonable value of his reduced capacity to labor and earn money in the future, if you shall believe and find that his capacity to labor and earn money will, in reasonable probability, be diminished in the future."

Answer:

"(1) $1500.00."

"(2) $ 121.50."

"(3) $6100.00."

█ █ Appellants' first and eleventh propositions are to the effect that appellee failed to raise the issue that the caps were left on his premises by appellants. These propositions are overruled. On the facts in support of their proposition, appellants make a statement covering about fifty pages of their brief. Answering appellants' contention, appellee makes a statement covering about twenty pages of his brief. We have carefully examined the statements of both parties, and, in our judgment, the facts and evidence as brought forward in the statement of facts are sufficient to raise all the issues summarized by appellee in his third counter proposition, which is as follows:

"It appearing from appellee's evidence that although there were many types and brands of dynamite caps, the appellants in the blasting operations in question used the same kind and brand of dynamite caps found upon the lot where the explosion occurred immediately after it occurred; that appellants passed by and over, lounged upon, placed their tools upon and used the lot where the explosion occurred during their blasting operations and during the time they were improving that section of the Lawndale Road on which the lot in question was situated; that during the time appellants were working upon such section of the road caps and fuses of the type used by appellants were seen upon the lot; that during the time appellants were engaged in blasting operations and were improving Lawndale Road, that section of the road being improved by them was closed and was not used or accessible to any other persons known to have been using dynamite caps; that while the blasting operations and im-

provement work were in progress and until appellee was injured, no other persons who used dynamite caps were upon or around or used the plot of ground where the explosion occurred; that no person known to have been using dynamite caps, other than appellants, ever used or had occasion to use the plot of ground where the explosion occurred; that the plot of ground where the explosion occurred was the only unfenced vacant unused plot of ground upon that section of Lawndale Road closed and improved by appellants upon which appellants might properly have stored or left their dynamite caps; that such plot of ground was removed from the actual scene of the blasting but immediately connected with it and easily accessible from it—the jury might reasonably conclude that the appellants, their servants or employees, left the dynamite caps upon the lot where the explosion occurred and by which explosion appellee was injured, and the trial court for this reason properly overruled appellants' motion for an instructed verdict at the close of plaintiff's case."

The facts thus summarized by appellee clearly raised the issue that appellants left the dynamite caps on appellee's premises. If that issue was raised, it requires no citation from the record to sustain the further issues that this act was negligence and a proximate cause of appellee's injuries.

■ Appellee alleged that his injuries disabled him from continuing in the filling station business, which was his regular trade. Under these allegations the court did not err in permitting appellee to testify as to the nature of his duties and the work performed by him in operating his filling station. There was no special exception requiring appellee to plead the specific manner in which he discharged his duties as the operator of the filling station. Therefore the court did not err in receiving this testimony. This disposes of appellants' second proposition.

■ By their third, fourth, fifth, sixth, and seventh propositions, appellants complain of the argument of counsel for appellee to the jury. Bills of exception complaining of this argument are defective, in that the trial court did not certify expressly and affirmatively that there was no evidence to justify the argument, nor that there was no evidence upon which the argument could have been founded, nor that there was no argument on the part of opposing counsel to provoke the argument complained of. Because of these defects, the bills of exception do not constitute reversible error. Texas Employers' Ins. Ass'n v. Heuer (Tex. Civ. App.) 10 S.W(2d) 756. In West Texas Utilities Company v. Renner (Tex. Civ. App.) 32 S.W.(2d) 264, the court has brought forward many additional citations supporting this conclusion.

■ By their eighth, ninth, and tenth propositions, appellants complain that the court erred in not instructing the jury that it could consider certain testimony offered by appellee only for the purposes of impeachment. These propositions are overruled. Appellants offered as a witness in their behalf Morley McClain, who testified as to certain conversations between him and appellee and appellee's counsel to the effect that they improperly tried to influence the witness to testify in favor of appellee. In reply, appellee and his counsel gave in detail their version of this conversation. This was not impeaching testimony, and therefore the court did not err in refusing this requested instruction.

From what has been said, it follows the judgment of the trial court must be affirmed, and it is accordingly so ordered.