## RAMSEY OIL CO. v. DUNBAR.

No. 24797. June 11, 1935.

M. C. Rodolf and E. B. Hunt, for plaintiff in error.

G. W. Goad and E. H. Beauchamp, for defendant in error.

PER CURIAM. Defendant in error's petition alleges: Sam Dunbar, Sr., Sam Dunbar, Jr., A. I. Dunbar, and W. M. Dunbar were on the 6th day of March, 1932, engaged in the garage business at Colcord, Okla., keeping a general line of repairs and accessories and owned the one-story stone garage building.

That plaintiff in error, Ramsey Oil Company, by its agents, Whitt and Wade, drove its gasoline truck in their garage about eight o'clock p. m. that day; said truck had a leaky valve on the rear and was leaking gasoline at time of entering said garage, which facts were known to plaintiff in error; Whitt asked Wade, the driver, to hand him something to stop the valve, the truck moved backwards breaking the garage service light by which Whitt was working on the leaking valve, the gasoline immediately became afire, burned through the entire garage, destroying said building, two cars and certain itemized personal property of the total value of $3,931.90. That said fire was caused by the carelessness and negligence of said agents of plaintiff in error.

Plaintiff in error's answer is a general denial and then alleges contributory negligence which was the proximate cause of defendant in error's injury.

The trial resulted in a verdict and judgment in favor of A. I. Dunbar for $2,000.

Defendant in error, plaintiff below, owned a garage in the town of Colcord, Okla., and certain personal property located therein. Plaintiff in error, defendant below, drove its gasoline truck into this garage about eight p. m. March 6, 1932, and attempted to stop the escape of gasoline therefrom. Gasoline was leaking from the truck prior to and at the time of driving into the garage. There was a Delco light behind the truck which furnished plaintiff in error's employee light while he worked on the leaky valve at the rear of the truck. The leak was near the exhaust from the motor. This employee placed a can under the leak to catch the escaping gasoline. Some of the gasoline escaped onto the floor of the garage. Plaintiff in error entered the garage, used it and its facilities to repair plaintiff in error's leaking gasoline truck and did not employ defendant in error to make such repairs. Shortly thereafter the truck backed up, the Delco light was broken, and immediately the gasoline became aflame, resulting in the damage complained of. Said truck was under the control of plaintiff in error during all of this time. Ordinarily a truck load of gasoline which is not leaking will not catch fire from breaking an electric or Delco light, exhaust from motor, spark caused by motor, friction, etc., unless it has an opening from which gas vapors escape.

A truck load of gasoline leaking and emitting gas vapors near the exhaust from the motor is a dangerous instrumentality. More than ordinary care is required of the owner thereof. One in control of a dangerous instrumentality takes it upon other's property at his peril.

In Palacine Oil Co. v. Philpot, 144 Okla. 123, 289 P. 281, loc. cit. 285, which was a case of gasoline leakage causing damage, the court there in passing on this point said:

"It is contended that gasoline is not of itself an inherently dangerous agency. This contention cannot be upheld. * * * It may be safely said that it is almost universally recognized as a more than ordinarily dangerous commodity."

See, also, Oklahoma Gas & Electric Co. v. Oklahoma Railway Co., 77 Okla. 290, 188 P. 331.

This fire would not have occurred but for plaintiff in error's acts and omissions. Its leaking load of gasoline was brought into the garage for its own purposes and of its own volition. Because the garage owner

permitted it to enter without knowing its dangerous condition, or let it remain and allowed his tools and light to be used for the repair of the truck by the owner thereof without compensation to the garage owner, furnishes no reason he should suffer the loss of his property because thereof.

Plaintiff in error complains that the cause of the ignition of the gasoline is uncertain and that the rule of res ipsa loquitur should not apply. In a very similar case, Guilford v. Foster & Davis, Inc., 131 Okla. 148, 268 P. 299, the same contentions were made and held by the court to be without merit. That was a gasoline case where the cause of the escape was certain and the cause of ignition unknown. The able opinion in that case so fully and carefully covers the facts and law, which conclusions are applicable here, that we adopt the same without repetition.

Neither pleadings, trial nor the arriving at the verdict of the jury are required to be or can be reduced to a mathematical certainty. The object of the law is to ascertain the truth and do substantial justice. Such end should not be defeated by requiring the innocent injured party to proceed each step with the precision of a highly trained engineer in drawing plans for a skyscraper. Under our statutes technicalities not resulting in an invasion of one's constitutional or statutory rights should be disregarded when substantial justice has been done. Sections 252, 388, and 3206, O. S. 1931. A. B. Rawlins Co. v. Soloman, 171 Okla. 317, 41 P. (2d) 463; Marland Ref. Co. v. Snider, 125 Okla. 260, 257 P. 797.

It does not appear that the trial court has abused its discretion in overruling plaintiff in error's motion to make the petition more definite and certain. A further reason is the oft-announced rule of this court that argument unsupported by citation of authority may not require examination of such alleged error by this court. This applies to plaintiff in error's complaint of the court's overruling its motion for judgment on opening statement of the defendant in error. This court has heretofore held that when a petition states a cause of action, it is error to render judgment for the defendant upon the opening statement of plaintiff where the petition is read therein.

Complaint that the court should have sustained the demurrer to the evidence or directed the verdict for plaintiff in error is not well taken.

The question of negligence, where there is competent evidence introduced from which reasonable men might draw different conclusions, is one for the jury, and, under like circumstances, the question of proximate cause is one for the jury. Cherry v. Arnwine, 126 Okla. 285, 259 P. 232; City of Tulsa v. McIntosh, 90 Okla. 50, 215 P. 624.

Plaintiff in error finally argues the court erred in overruling the motion for new trial when he did not concur in the verdict. The trial court evidently was in doubt, carefully considered the evidence, verdict, and the questions raised by the motion for new trial, and concluded the verdict should be approved and the motion for new trial overruled. We fail to find he ultimately refused to concur in the verdict.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Frank T. McCoy, Paul N. Humphrey, and Chas. R. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the anaylsis of law and facts was prepared by Mr. McCoy and approved by Mr. Humphrey and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, and CORN, JJ., concur.