WeGO PERFORATORS, a co-partnership,
Plaintiff in Error,

v.

Leonard HILLIGOSS, Defendant in Error.

No. 40632.

Supreme Court of Oklahoma.

Nov. 17, 1964.

Conn & Mayhue, by R. Burl Harris, Ada, for plaintiff in error.

Paul Ballinger, Holdenville, Dick Bell, Frank Seay, Seminole, for defendant in error.

JOHNSON, Justice.

The defendant in error, hereafter referred to as plaintiff, was the owner and operator of an oil well. The plaintiff in error was a co-partnership engaged in operating a specialized oilfield service, and hereafter is referred to as defendant.

In the course of his operations, the plaintiff employed the defendant, admittedly an independent contractor, to perforate and "shoot" certain sand formations in the oil well. In the performance of these functions, the defendant used a primer cord made up of a high explosive encased in an aluminum tube about the size of a lead pencil in diameter and some feet long. The first "shooting" of the well was partially unsuccessful, and it was necessary to rearrange the explosive and fire it again. In this rearranging, there was cut from the primer cord two pieces of same. One of them, about three feet long, was discarded and thrown into the slush pit, where water made it harmless. The other piece was unaccounted for. A couple of days after the completion of the job, which according to the evidence was satisfactorily completed, the plaintiff was cleaning up the premises and raking the accumulated trash into a small fire when an explosion took place and a piece of metal penetrated plaintiff's left eye, causing him the loss of its sight. It is for this injury that this suit was brought resulting in a judgment for plaintiff in the sum of $50,000.00. It is to reverse this judgment that this appeal is taken.

Six propositions are urged for reversal as follows:

"PROPOSITION I. The judgment of the Superior Court of Seminole County should be reversed with directions to enter judgment for defendant because of plaintiff's failure to prove defendant was legally responsible for plaintiff's alleged injury.

"A. Plaintiff is confined to the specific acts of negligence alleged in his Petition and has the burden of proving such specifically alleged acts.

"B. Plaintiff cannot maintain an action against defendant which is based on plaintiff's own acts and neglect of duty.

"C. Proximate cause.

"PROPOSITION II. The court erred in admitting Plaintiff's Exhibit 1 in evidence.

"PROPOSITION III. There is no competent evidence of damages reasonably tending to support the verdict and judgment thereon.

"A. Hearsay evidence is incompetent evidence.

"B. Indefinite, uncertain and ambiguous evidence is incompetent evidence.

"PROPOSITION IV. The damages awarded by the verdict and judgment thereon are excessive.

"PROPOSITION V. The court erred in failing to reduce future damages to present value.

"PROPOSITION VI. The court committed reversible error in giving Instruction No. 6."

We shall consider these in the order presented.

In regard to defendant's first contention "A" under defendant's Proposition I, it is admitted in defendant's brief that the plaintiff's petition alleged the following specific acts of negligence:

"1. Negligence of the defendant in leaving said tube and explosive primer cord in an unguarded place on the plaintiff's premises.

"2. Negligence of the defendant in failing to warn plaintiff that it had left said tube and explosive primer cord on plaintiff's premises.

"3. Negligence of the defendant in failing to properly inspect and scrutinize the well site to ascertain if said dangerous and explosive substance had been picked up and removed before leaving said premises.

"4. Negligence of the defendant in creating and leaving a highly dangerous and explosive substance on plaintiff's premises thereby creating a hidden trap and danger to the plaintiff."

There seems to be no evidence in the record to contradict the allegations under paragraphs 2 and 3, supra. But we do not deem it necessary to sustain these allegations in order to establish plaintiff's case. Paragraphs Nos. 1 and 4 really embrace the same general allegation, and they will therefore be considered together.

■ That civil liability may be established by circumstantial evidence is well established. See cases set forth in ■■■ Negligence, Oklahoma Digest.

■ The degree of evidence set forth in the requirements for such evidence has been stated in the case of Kansas, O. & G. Ry. Co. v. Dillon, 191 Okl. 671, 135 P.2d 498, wherein the second syllabus reads as follows:

"In a civil case, all the plaintiff is required to do, in order to establish his claim, is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom."

See also Mid-Continent Pipe Line Co. v. Price, 203 Okl. 626, 225 P.2d 176, and Covington Coal Products Co. v. Stogner, 181 Okl. 35, 72 P.2d 491.

With these principles in mind, let us consider the evidence. It is undisputed that the fuse enclosed in an aluminum tube was a high explosive; that a section of this tube approximately three feet long was cut off and thrown in a slush pit, and that a second piece of this tube was cut off and no one was able to say what became of it.

In addition to these uncontested facts, the proof shows that a chemical analysis was made of four pieces of the aluminum tubing. One of these was procured by defendant from a similar tube fuse. The second was particles removed from plaintiff's clothes after the explosion. A third was found on the ground, and the fourth was the particle removed from plaintiff's eye. This analysis established all four to be of the same chemical analysis.

We think this evidence was sufficient to submit to the jury for its determination of the identity of the exploding tube in question and as that which punctured the plaintiff's eye.

The second contention "B" under defendant's Proposition I urges that the action is based upon plaintiff's own negligence. We shall discuss this contention under the third division "C" of Proposition I, which deals with proximate cause.

Explosion cases of this type are extremely rare. Most of these involve the doctrine of attractive nuisance in the case of children. However, we believe the Texas case of Houston Transportation Co. v. Grimm, Tex.Civ.App., 168 S.W.2d 892, to be in point in many respects. It is true that in that case the explosive was found by a minor, but this had nothing to do with the explosion. The facts were that the defendant left an electric blasting cap on the premises used by defendant as a camp for the years from 1931 to 1935 when it abandoned the premises. Two years later a child found this cap and took it to his home. A day or so later, the mother, an adult, swept up the cap and threw it into the stove. It exploded, and a piece of it struck the eye of a baby whom another child was carrying in her arms. From a judgment for $15,000.00, defendant appealed. The case was affirmed.

The first paragraph of the syllabus reads:

"In action to recover for loss of an eye in an explosion which allegedly occurred when an electric blasting cap, which had been negligently left on premises by defendant, was inadvertently placed in a heating stove, evidence that defendant alone used such caps in that vicinity, that plaintiff's brother found something with wires which he put in an old hat which his mother put in stove immediately before explosion and that wires found in stove were similar to wires thereafter found on caps around the yard established that defendant's negligence was proximate cause of the injury."

It was two years from the time the cap was found and removed to the home of the plaintiff. The cap was thrown into a stove by the mother, an adult. A third party was injured. Incidentally, the connecting proof by the boy who had found the cap was set out as follows:

" 'Leslie Grimm (then 10 years old) testified that the electric-caps he found after the explosion looked like the one he put in his hat. A. G. Grimm testified that the caps he found around the yard after the explosion had wires on them about the same length as the wire he took out of the stove, when he cleaned it after the explosion."

In support of this opinion the Texas court cites the cases of Atex Const. Co. v. Farrow, Tex.Civ.App., 71 S.W.2d 323, and Ratliff v. Nau, Tex.Civ.App., 36 S.W.2d 254.

In the Ratliff case, supra, it was alleged that a dynamite cap was left upon premises leased by plaintiff. That while plaintiff was cutting weeds with a scythe, he struck one of such caps and was injured in the resulting explosion. The first two paragraphs of the syllabus read:

"Whether grading contractors left dynamite caps on premises of lessee injured by their explosion held for jury.

"The evidence showed that the grading contractors had been blasting near the premises in question; that they used the same kind and brand of dynamite caps as were found upon the lot where the explosion occurred immediately after it occurred; that the contractors passed over, lounged upon, placed their tools upon, and used the lot where the explosion occurred during their blasting operations; that during the blasting operations the road was closed and was not accessible to other persons known to have been using dynamite caps; and that no other persons were blasting in the vicinity.

"2. Whether contractor's leaving dynamite caps on lot was negligence and proximate cause of injuries from explosion to lessee of premises held for jury."

On the question of proximate cause the Kansas case of Clark v. E. I. Dupont De Nemours Powder Co., 94 Kan. 268, 146 P. 320, L.R.A.1915E, 479, is of interest. From the facts stated, it appears the defendant was shooting an oil well with solidified glycerine. It left a quart of this explosive near the well. One of the workmen found it and removed it to a small cemetery where it remained for two years. It was later found here and exploded, injuring the finder. A judgment for plaintiff was affirmed, it being held that there was sufficient evidence to submit the issue of proximate cause to the jury.

In line with these authorities we hold that the issue of proximate cause was properly submitted to the jury.

■■ It is well settled in this jurisdiction that the issue of contributory negligence is always a jury question. It is only where the negligence of the defendant is the sole cause of the injury that a directed verdict is warranted. That is not the case here.

The next contention of defendant, Proposition II, is that the trial court erred in the admission of plaintiff's Exhibit 1, which was the metal object removed from plaintiff's eye.

The surgeon testified:

"A. He was admitted to the hospital and taken to surgery and this piece was removed and a repair of his lid done. This was an exceptionally large piece of aluminum strip.

"Q. At that point what did you do with the fragment of metal that you removed from the eye?

"A. I gave it to Mr. Hilligoss, the patient."

The plaintiff testified:

"Q. All right. I hand you this object in this box, which for purposes of identification has been marked plaintiff's exhibit one and ask you to tell the court and jury, if you know, what is in the box there, what that is?

"A. Yes, this is what came out of my eye.

"Q. Where did you first see that or receive that?

"A. Dr. McClure gave it to me after he taken it out.

"Q. All right. What did you do with it after it was given to you by Doctor McClure?

"A. I brought it home and kept it in the house.

"Q. Has it been in your possession entirely since it was given to you by Doctor McClure?

"A. It has.

"Q. Have you surrendered it to any other person?

"A. Only just to have it analyzed."

Again, at a later time, plaintiff testified:

"Q. And you testified this morning that that has been exclusively in your possession since it has been handed to you by Doctor McClure until you took it to Norman for observation and handed it to Mr. Schleicher?

"A. Yes.

"Q. That you received it back from him and this is the same material?

"A. That's right."

■ We think this evidence was sufficient to go to the jury on the question of the identification of plaintiff's Exhibit 1, and the court did not err in admitting the exhibit.

Proposition III advanced by the defendant has been dealt with under Proposition I, in which we have discussed the sufficiency of the evidence.

■ It is also contended under this Proposition III that testimony by plaintiff that his income was "around" or "approximately" so much is incompetent for indefi-

niteness, and also because he mentioned having received the information from his accountant. We do not hold under the facts and circumstances of this case that an accounting report made by the accountant to his client concerning his income is within the hearsay rule. Neither do we believe an approximation of income is so indefinite as to make the evidence of no probative value. This contention is without merit.

The fourth contention advanced asserts the verdict to be excessive. Certain well established principles must be considered.

■ 1. Whether a verdict is excessive depends upon the facts in each particular case. Dixie Cab Co. v. Sanders, Okl., 284 P.2d 421.

2. In considering whether a verdict is excessive, the devaluation of the dollar should be considered. Y & Y Cab Co. v. Smith, Okl., 289 P.2d 964, and Independent Eastern Torpedo Co. v. Price, 208 Okl. 633, 258 P.2d 189.

In 1923, this court handed down the opinion in the case of St. Louis-San Francisco Ry. Co. v. Stitt, 108 Okl. 42, 233 P. 1073, in which this court affirmed a judgment for $20,000.00 for the loss of an eye. The record in this case discloses that the earning capacity of this man at the time of the accident was $274.00 per month, or $3,288.00 per year. The plaintiff herein was earning $14,000.00 per year, and the value of the dollar, to be considered in line with the authority supra, has dropped more than half since 1923.

In 1936, at the height of the economic depression, this court affirmed a $25,000.00 judgment for a four year old girl for the loss of an eye and disfigurement in the case of Shell Petroleum Corp. v. Perrin, 179 Okl. 142, 64 P.2d 309.

■ We cannot hold the award herein to be excessive.

Under Proposition V it is urged that the trial court erred in failing to reduce future damages to present value. The defendant requested an instruction on this question of reducing future damages to present value, and the court gave the following instruction:

"No. 10

"You are instructed that if you find the issues in favor of the plaintiff and award him damages, then with respect to the alleged loss of earnings and with respect to the alleged future medical expenses, and with respect to the alleged future pain and suffering, the plaintiff would not be entitled to recover as a lump sum at present the total accumulations of such items over the entire period of his life, but such sums, if any be by you awarded, must be reduced or discounted on the basis of a fair return of interest or return on such amount.

"It is for you to determine from a preponderance of the evidence what rate of interest or return could fairly be expected from a safe investment which a person of ordinary prudence, but without a particular financial experience or skill could make, and reduce or discount said sum or amounts, if any be by you awarded to the plaintiff, at such fair rate of interest or return as to you may appear reasonable and proper."

■ As stated, the defendant requested this instruction, and it may be presumed that the jury followed it. If there is error therein, it is brought about by the action of the defendant and cannot be urged as ground for reversal. See 5B C.J.S. Appeal and Error § 1853, p. 292. This contention is without merit.

The last error urged under defendant's Proposition VI is that Instruction No. 6 is erroneous. This reads as follows:

"Members of the jury you are instructed that the degree of care required of persons having possession and control of dangerous explosives, such as an explosive primer cord, is of the highest. The utmost caution must be used to the end that harm may not come to others in coming in contact.

with them. And in this connection if you find from the evidence that the defendant failed to exercise that degree of care, and that as the result thereof the plaintiff was injured, and that the plaintiff himself was not guilty of any contributory negligence, then your verdict should be for the plaintiff.

"EXCEPTED TO BY DEFENDANT

"Exceptions allowed."

The objection urged against this instruction is that it requires the highest degree of care in the case of one handling explosives, while in Instruction No. 7 only ordinary care is required by one who is guilty of contributing. In support of this contention the case of Phillips Petroleum Co. v. Price, Okl., 298 P.2d 772, is relied upon, wherein the second paragraph of the syllabus reads:

"Where parties to a transaction owe a reciprocal duty one to the other it is prejudicial error to instruct the jury that it was the duty of one party to use a degree of care higher than that required by statute and place a higher degree of care upon one party than upon the other."

 The important word in this syllabus is the word "reciprocal." For each to owe a common duty to the other would imply that they must of necessity be engaged in a common project. That the highest degree of care is required in the handling of explosives is well settled. See Cherry v. Arnwine, 126 Okl. 285, 259 P. 232.

It is equally as well settled that while a syllabus embodies the law of the case in this jurisdiction it must be interpreted with regard to the facts in the opinion. See Eckels v. Traverse, Okl., 362 P.2d 683.

In the case relied upon, both the plaintiff and defendant were engaged in the handling of the explosive substance simultaneously. Both were under the duty to exercise the highest degree of care both as a matter of primary negligence and contributory negligence. Both knew they were handling explosives. In the case at bar, this is not true. Here the explosives and the shooting operation were under the exclusive control of the defendant, and plaintiff took no part therein. It was, as pointed out in plaintiff's brief, treated as a separate and distinct service apart from anything that the plaintiff ever attempted to do on the premises. A full day had elapsed from the time defendant left the scene to the occurrence of the explosion. There is no evidence showing that plaintiff knew of the presence of the explosive. Under those circumstances, we are constrained to hold that the degree of care by which contributory negligence is to be measured is "ordinary care" and the instruction was correct.

Judgment affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.