[Civ. No. 2626. Second Appellate District, Division One.—April 5, 1919.]

## HAROLD W. HAUN, Respondent, v. THOMAS L. TALLY, Appellant.

[1] NEGLIGENCE — ACTION FOR PERSONAL INJURIES — FALL OF FAN IN THEATER—RES IPSA LOQUITUR—INSTRUCTIONS.—Where a fan which was installed in a theater, and which was exclusively within the charge and control of the owner thereof, pulled or dropped away from its motor bearings and fell and injured one of the patrons, the accident was such as to make applicable, in an action against such owner for the injuries thus caused, instructions as to a presumption of negligence under the rule of *res ipsa loquitur*.

[2] ID.—IMPROPER RELEASE OF EMPLOYEE.—The fact that the employee who installed the fan was improperly exculpated in such action is not a matter of which the owner, who was held liable, is in a position on appeal to complain.

[3] ID.—SPECIAL DAMAGES — PROOF — INSTRUCTIONS.—In such action, the court properly instructed the jury that the expenses incurred by the plaintiff for services of physicians and the value of time lost were "subjects of direct proof, and are to be determined only on the evidence which the jury has before it," while the other elements of damage were from necessity left to the sound discretion of the jury.

[4] ID.—PROOF OF NEGLIGENCE—INSTRUCTIONS.—In such action, where the general charge of the court as given advised the jury that the burden was upon the plaintiff to sustain the allegations made, there was no error of a substantial nature in refusing to give a particular instruction offered by the defendant which narrated the several things contained in the charging part of the complaint as constituting negligence and advised the jury that plaintiff was required to make proof thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for a new trial. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Delphin M. Delmas for Appellant.

Schweitzer & Hutton for Respondent.

JAMES, J.—This appeal is taken by defendant Tally from an adverse judgment and from an order made denying his motion for a new trial.

The action was one for damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendants. Tally was the owner of a theater; Darnell was his employee. On a certain day in the year 1914, Darnell, having received instructions from his employer so to do, procured and installed in one of the ventilating apertures of the theater an electrically propelled fan. On the ninth day of April of the same year plaintiff, after paying the required price of admission, was occupying a seat in the theater for the purpose of enjoying the entertainment. While he was so occupied the metal fan hereinbefore referred to became detached from the connecting motor and fell, striking the head of the plaintiff and inflicting quite a serious injury, compensation for which was assessed by the jury in this action at the sum of three thousand five hundred dollars. The points upon which appellant Tally relies are few and are succinctly stated in the opening brief of his counsel. They relate wholly to the matter of giving and the refusal to give certain instructions to the jury. It will be necessary to preface a consideration of the contentions urged against the judgment with a statement as to some portions of the allegations of the complaint and the whole charge as given by the court to the jury. That portion of the complaint wherein the particular negligence of the appellant was referred to is as follows: "On information and belief plaintiff alleges that the defendants, as a part of the furnishings and fixtures of the said theater, constructed, operated, installed, and maintained for the convenience and comfort of the patrons of the said defendant Tally, a two ventilating fan, alternating currents, of six blades. That said defendants did not exercise due care in the construction, operation, installation, and maintenance of the said fan, but constructed, operated, installed, and maintained the same in a careless and negligent manner, and in particular that the said fan was so constructed and installed, operated, and maintained that the same became loosened and did fall upon the patrons of said defendant Tally, and in particular on this plaintiff; that the said fan was so maintained, installed, and operated that the pressure of the running and operating the same caused the said fan

to pull away from the motor and its bearings, thereby caus-
ing the said fan to fall from its said bearings on said ninth
day of April, 1914, striking and injuring the plaintiff.''

The court instructed the jury generally that the burden
of proving negligence in the case was upon the party alleging
that negligence, and that unless the jury could find that the
plaintiff had established negligence by a preponderance of
the evidence the verdict should be for the defendants; it in-
structed the jury as to the particular negligence alleged and
relied upon by the plaintiff, in the terms of that paragraph
of the complaint from which we have already quoted. This
instruction followed: ''With relation to the operation, in-
stallation, and maintenance of the fan, the court instructs
you it was the duty of the defendants to exercise ordinary
care in the erection and installation of this appliance in the
theater, and that that ordinary care is to be measured with
relation, so far as this case is concerned, with relation to
the effect upon the patrons of the theater. If, therefore, you
find that the fan in question fell on April 9, 1914, and injured
the plaintiff while he was a patron in the theater, it will be for
you to determine whether or not such fall was the result of
its negligent installation, operation, or maintenance. If you
find that the fall was due to such maintenance, operation, or
installation having been made in a negligent manner, your
verdict in this case will be in favor of the plaintiff for such
amount as you find from the evidence and under the instruc-
tions of the court he has suffered in the way of damages by
reason of such negligence of the defendants, if you find they
are negligent. The court further instructs you, gentlemen,
in regard to the matter of negligence, that when a thing
which causes an injury is shown to be under the management
of the defendants and the accident is such as in the ordinary
course of things does not happen if those who have the man-
agement, with proper care, it affords reasonable evidence in
the absence of explanation by the defendants, that the acci-
dent arose from want of care. To apply that doctrine to the
case in question, if you find that the falling of the fan in
question was such a thing as does not ordinarily happen if
those who have the management thereof use proper care in
the management and operation thereof, it affords *prima facie*
evidence of negligence and would justify a verdict in favor of
the plaintiff unless the evidence in the case negatives that

*prima facie* presumption, and establishes to your satisfaction that it was not the result of the negligence of the defendants.''

As to the matter of damages, an instruction was given which contained the following statement: ''The expenses incurred by him for the services of physicians and surgeons and the value of any time lost are subjects of direct proof, and are to be determined only on the evidence which the jury has before it, and must not exceed the amounts specifically claimed therefor in the complaint. The other elements of damage are from necessity left to the sound discretion of the jury, but in no event must the amount of damages exceed the amount alleged, twenty-five thousand dollars.''

[1]   There was no dispute as to the fact that the fan fell and injured the plaintiff in the manner described, or that it fell by reason of pulling or dropping away from its motor bearings.   The fan was exclusively within the charge and control of the defendant Tally, and the occurrence of the accident was such a one as to make applicable instructions as to a presumption of negligence arising under the familiar rule of *res ipsa loquitur.*   Counsel says that because the complaint alleged that ''the pressure of the running and operating the same caused the said fan to pull away from the motor and its bearings, thereby causing the said fan to fall,'' the plaintiff exhibited the fact that he had knowledge of what the alleged acts of negligence consisted and that such matters then demanded express proof, leaving no room for any presumption to be used in aid of the case of plaintiff.   We do not concede that where specific acts of negligence are described, the plaintiff in making his proof will be deprived of the aid of the presumption of negligence in a proper case (respondent cites a case to the contrary, *Cassady* v. *Old Colony Street Ry. Co.,* 184 Mass. 156, [63 L. R. A. 285, 68 N. E. 10]); but that is not the situation here.   Plaintiff alleges on information and belief that the fan was so negligently and carelessly constructed, installed, and operated as to become loose and fall, adding the further descriptive statement as to the pressure of running the fan having caused it to pull away from the motor bearings.   Plaintiff did not attempt to particularize what the defects in the fan were which would permit the same when operated to become separated from the motor part of the appliance.   The fan was intended to be operated, and if prop-

erly constructed and maintained would not have pulled away
from its attachments while running.   It is claimed, further,
however, that by the instruction given on the question of the
application of the rule of presumption of negligence the court
went too far and in effect placed the burden upon the appel-
lant to establish non-negligence, as against the presumption,
by a preponderance of the evidence.   It will be noted that the
court in concluding that instruction stated to the jury that
the *prima facie* case made out with the aid of the presump-
tion "would justify a verdict in favor of the plaintiff unless
the evidence in the case negatives that *prima facie* presump-
tion, and establishes to your satisfaction that it was not the
result of the negligence of the defendants."   The argument
of appellant impresses us with much force, and if we could
consider the question an open one, we would be inclined to
agree that the instruction was improper.   In giving this par-
ticular instruction the court seems to have left out of view
the requirement that the evidence of the plaintiff must pre-
ponderate in weight and that the defendant will be entitled
to judgment where the countervailing evidence merely bal-
ances but does not overcome the case made by the plaintiff.
Then, too, it might well be argued that proof to the "satis-
faction" of the jury would require even more than a pre-
ponderance and reach almost to proof beyond a reasonable
doubt.   We can see little difference between that instruction—
referring now only to the use of the words "establishes to
your satisfaction"—and one considered by the supreme court
in *Campbell* v. *Bradbury*, 179 Cal. 364, [176 Pac. 685].   The
language there considered is said by the court to amount to
a "reasonable doubt" instruction.   However that may be, the
supreme court in a number of cases has given consideration
to instructions similar to that about which complaint is here
made and has held that there was no error committed against
a defendant by the giving thereof.   (*Osgood* v. *Los Angeles
Traction Co.*, 137 Cal. 280, [92 Am. St. Rep. 171, 70 Pac.
169]; and as to the general application of the rule: *Steele* v.
*Pacific Electric Ry. Co.*, 168 Cal. 375, [143 Pac. 718]; *Wyatt*
v. *Pacific Electric Ry. Co.*, 156 Cal. 170, [103 Pac. 892];
*Worden* v. *Central Fireproof Building Co.*, 172 Cal. 94, [155
Pac. 839].)   On the other side of the question and in a case
where the court did instruct the jury that the defendant was

only required to introduce sufficient evidence "to balance such a presumption without overcoming it by preponderance of the evidence," the supreme court declined, and no doubt properly so, to reverse the case upon the appeal of the plaintiff. The Osgood case, *supra,* however, directly meets the question which the instruction here considered proposes, by asserting that "this presumption (the presumption of negligence), which the law raises from proof of certain facts, is 'satisfactory if uncontradicted' (Code Civ. Proc., sec. 1963); and to meet it the evidence of defendant must show to the satisfaction of the jury that defendant was without any negligence on its part." We will there leave this question and hold that there was no error in the instruction, so holding only because we think that the decisions of the supreme court have foreclosed us against the exercise of any original judgment in the matter.

[2] Further complaint is made because the court advised the jury that the presumption of negligence hereinbefore referred to applied only to the appellant and not to Darnell, his employee. The evidence showed that Darnell was instructed to procure the fan and to install it, and that he followed instructions in that regard, although he was not an expert in such matters. The defendant's liability, assuming that negligence was shown in the installation or operation of the fan, cannot be questioned; that Darnell may have been improperly exculpated we think is a matter about which the appellant is not in a position here to complain.

[3] It is contended that the court erred in instructing the jury that the expenses incurred by the plaintiff for services of physicians and the value of time lost were "subjects of direct proof, and are to be determined only on the evidence which the jury has before it," in that there was left out of view the right of the jury to form its own opinion as to those elements of damage. No evidence was introduced by the defendant to contradict in any way the proof made by the plaintiff as to these matters. Strictly speaking, considering that the evidence referred to by the court would include the evidence as to the quantity of time lost by the plaintiff and the amount of services rendered by physicians and surgeons, the instruction was correct. The jury would have no right to go outside of the evidence to determine any of those things.

The court's intention no doubt was to place before the jury the fact that these matters were matters of particular damage, to support which particular proof was needed, whereas, as to other general elements of damage, the sound discretion of the jury would control. The instruction is so phrased and its language is quite clear.

[4] We do not think that there was error of a substantial nature in the court's refusing to give a particular instruction offered by appellant which narrated the several things contained in the charging part of the complaint as constituting negligence and advised the jury that plaintiff was required to make proof thereof. The general charge of the court as given advised the jury that the burden was upon the plaintiff to sustain the allegations made.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 4, 1919, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, we are not to be understood as approving the instruction discussed in the opinion to the effect that the *prima facie* case of negligence made by the falling of the fan ''would justify a verdict in favor of the plaintiff, unless the evidence in the case negatives that *prima facie* presumption, and *establishes to your satisfaction that it was not the result of the negligence of the defendants.''* We think the italicized portion of this instruction was erroneous for the reason suggested in the opinion of the district court of appeal, namely, in leaving out the requirement that the evidence of the plaintiff must preponderate in weight and that the defendant will be entitled to judgment where the countervailing evidence merely balances but does not outweigh the case made by the plaintiff. But in view of the evidence and the charge of the court taken as a whole we cannot conceive that this defect in this particular instruction in any way

contributed to the verdict, and therefore are of the opinion that the error must be held to be without prejudice.

The petition for a hearing in this court is denied.

All the Justices concurred, except Wilbur, J., who did not participate.