## BEWLEY v. WESTERN CREAMERIES, Inc., et al.

No. 24685.   April 21, 1936.

Rehearing Denied May 19, 1936.

Bailey E. Bell, W. Cliff Klein, Gerald B. Klein, and James Goldesberry, for plaintiff in error.

Hudson & Hudson, for defendants in error.

RILEY, J.   Plaintiff below, plaintiff in error, sought to recover a judgment for personal injuries and damages to his automobile occasioned by a collision between a truck owned and operated by the Western Creameries, Inc., and plaintiff's automobile.

There was no evidence to establish contributory negligence on the part of plaintiff. He was motoring in a northeasterly direction and defendant's truck was being driven in a southwesterly direction, when suddenly the truck, crossing the center of the highway, collided with the automobile of plaintiff, resulting in the injuries and damages to plaintiff. The defense was that of an unavoidable accident occasioned by crystallization of the truck's steering apparatus, a defect that was not ascertained or ascertainable by proper care and inspection. The defendants also pleaded contributory negligence, but wholly failed to support it by evidence.

It appears that the principal issue presented in evidence is as to whether defendants were negligent in properly maintain'ng the truck, and particularly the steering apparatus, or as to whether, in view of asserted proper and frequent inspection and lubrication, the breaking of this machinery just prior to the accident was unforeseeable.

The verdict of the jury settled the issue favorably to defendants.   The evidence is sufficient to support the verdict.

It is contended that the trial court did not properly instruct the jury, but no exceptions were saved to the instructions given, which fairly state the issues as presented to the jury and general law applicable.

It is asserted the cause should have been submitted under the doctrine of res ipsa loquitur, but this doctrine does not apply where there is no want of evidence to establish the cause of the accident.   42 C. J. 1206. The plaintiff relied upon specific negligence on the part of defendants, and so relying and acquiescing in the giving of instructions bearing upon specific negligence, he will not be heard to say that the "thing speaks for itself" so as to thus raise a presumption of negligence.   Carlsen v. Diehl (Cal. App.) 208 P. 150.

The verdict is sought to be impeached by affidavits of jurors.   Complaint is made because a motion for new trial based upon newly discovered evidence, impeaching in character, was overruled, and counsel for plaintiff contends error arose by failure of the trial court to permit him to re-argue the case after defendants below waived argument.   Our review of the whole case convinces that no reversible error is presented.

Judgment affirmed.

OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.