## J. C. PENNY CO. v. FORREST.

No. 27209.  May 3, 1938.

Rehearing Denied June 14, 1938.

Butler & Brown, for plaintiff in error.

Dolman, Dyer & Dolman, for defendant in error.

PER CURIAM. On the afternoon of the 12th day of December, 1934, the plaintiff below, defendant in error here, while a customer in defendant's store, suffered an accidental injury when a mechanical carrier fell from the overhead system for the carriage used in the store of the said defendant.

An examination disclosed that an iron casting which held a bolt on said appliance broke and the mechanism was propelled from above down upon the plaintiff, causing the injury. Judgment was rendered upon the verdict of the jury for the plaintiff for $2,995.

Defendant introduced evidence to disclose that a complete examination and inspection had been made of the carrier system, and an expert witness in its behalf testified that the system was the approved system used by thousands of stores all over the United States, and that in all his experience he had never known of a similar accident. The last inspection of this system in defendant's store was on December 5th, one week prior to the accident. Witness did not testify that he inspected this particular piece of casting.

The defendant's first proposition is that the trial court erred in rendering judgment against the J. C. Penny Company, a corporation, defendant, for the reason the evidence is insufficient to constitute a cause of action against it, in that no negligence is proved, and the judgment is contrary to law.

We have discussed the rule of res ipsa loquitur in the following authorities: Sand Springs Park v. Schrader, 82 Okla. 244, 198 P. 983, 22 A. L. R. 593; Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 P. 213, L. R. A. 1916E, 351; Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419; Okmulgee Gas Co. v. Kelly, 105 Okla. 189, 232 P. 428; Ramsey Oil Co. v. Dunbar, 172 Okla. 571, 46 P.2d 535; Bewley v. Western Creameries, Inc., 177 Okla. 132, 57 P.2d 859.

In its reply brief defendant states that plaintiff now relies upon the doctrine of res ipsa loquitur, but that since she made specific allegations of the defect of the carrier, she cannot now rely upon that doctrine. The rule of res ipsa loquitur is a rule of law regarding a presumption of evidence. It is one of evidence and not of pleading. Cincinnati Traction Co. v. Holzenkamp (Ohio) 78 N. E. 529. In Fox v. Bronx Amusement Co., 9 Ohio App. 426, the rule is announced that it is immaterial whether the specific allegations are made. In Hahn v. Tally, 40 Cal. App. 585, 181 P. 81, the court said it was admitted that a plaintiff is limited in proper cases to specific allegations, but the fact that the plaintiff had so specifically declared would not deprive him of the aid of presumption. Bewley v. Western Creameries, Inc., supra, is not contrary to the rule. That was an automobile accident and the plaintiff alleged specifically the negligence upon which the action was based. The case cited in that opinion as supporting the rule is from California, the same court rendering the opinion in Hahn v. Tally, supra.

We are not here reannouncing such exception as is pointed out in Wyman v. Chicago, R. I. & P. Ry. Co., 76 Okla. 172, 184 P. 758, for it is not involved in the case at bar. In Anderson v. McCarty Dry Goods Co., 49 Wash. 398, 95 P. 325, the syllabus is as follows:

"Under the rule of res ipsa loquitur, a prima facie case of negligence is shown, where a basket from an overhead carrier system, of standard make and in general use, falls on a customer in a store."

As was said in Goldstein v. Levy, 132 N. Y. S. 373:

"The circumstances and character of the occurrence were such as to call for the application of the doctrine of res ipsa loquitur. The accident was unusual. The plaintiff could not be expected to define its exact cause. If the inspections which the defendant claimed were made had been carefully made, it is not inconceivable that the defect which caused the shade to fall might have been discovered. If one may be held liable for the fall of a wall upon a pedestrian (Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530), or an innkeeper for the fall of plaster from a ceiling upon a guest (Morris v. Zimmerman, 138 App. Div. 114, 122 N. Y. Supp. 900), we can see no good

reason why the same principle which was applied in those cases should not be held applicable here. The fact proved by the plaintiff established a prima facie case, which was put in issue by the proof of care which the defendant claims she exercised. This issue was properly submitted to the jury for their determination, and in our opinion the verdict of the jury in favor of the plaintiff cannot properly be held to be contrary to the evidence or the law."

In Cincinnati Traction Co. v. Holzenkamp, supra, it is said:

"When a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as, in the ordinary course of things, does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

It became a question for the determination of the jury as to whether or not negligence sufficient to sustain plaintiff's allegations was shown. We have many times announced the rule that where there is any competent evidence to sustain the verdict, a judgment rendered thereon will not be disturbed. Under the rule of res ipsa loquitur, whether the presumption is rebutted by competent evidence sufficient to overcome the prima facie case made by the plaintiff is a question of fact to be determined by the jury. Goldstein v. Levy, supra; Hahn v. Tally, supra; Anderson v. McCarty Dry Goods, supra; Firebaugh v. Seattle Electric Co. (Wash.) 82 P. 995.

It is stated that for the injury sustained the verdict was utterly excessive. We have reviewed the record and fail to find where this allegation is sustained. It is unquestioned that plaintiff went to the hospital and received treatment from competent physicians, who testified at the trial. This matter was submitted under proper instructions by the court, who placed the proper burden of proof upon the plaintiff. Before a judgment, otherwise proper, entered upon a verdict claimed to be excessive will be set aside, the verdict must be such as to shock the conscience of the court.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.