CHICKASHA COTTON OIL CO.
v. MASINGALE.

No. 31776. Dec. 9, 1947.

Rehearing Denied Jan. 13, 1948.

*188 P. 2d 366.*

Butler & Rinehart, of Oklahoma City, and Brown & Cund, of Duncan, for plaintiff in error.

Arthur J. Marmaduke, of Duncan, for defendant in error.

GIBSON, J. This action was instituted by Gladys Masingale against the Chickasha Cotton Oil Company to recover damages for alleged wrongful death of her minor son, Melvin Wayne Masingale, aged four and one-half years, who was drowned in a pit upon premises of defendant. Upon a jury's verdict plaintiff was awarded judgment, from which the defendant prosecutes this appeal. The parties will be referred to as they appeared in the trial court.

Upon trial the issue of liability was submitted to the jury over objection of the defendant under instructions holding the doctrine of attractive nuisance applicable and controlling. The insufficiency of the evidence to warrant the application of the doctrine is decisive of the appeal.

The pit in question was covered by boards, some of which proved to be rotten, and surrounded by a paling fence wherein some palings were broken. There is no evidence that the same constituted an attraction to children. However, on the premises of another, some distance from the pit, there was a sand pile to which the deceased was attracted, and in going to and from the nearby premises and elsewhere there was used by him and by other children attracted to the sand pile, and by the public generally, a path that passed near the pit enclosure. In this state of the evidence the question of negligence would be independent of any application of the law of attractive nuisance.

The submission of the cause to the jury upon instructions on an issue that did not obtain is reversible error. Inner Shoe Tire Co. v. Mueller et al., 108 Okla. 229, 235 P. 1072.

The cause is reversed and remanded for a new trial.

HURST, C. J., DAVISON, V.C.J., and BAYLESS, WELCH, ARNOLD, and LUTTRELL, JJ., concur. RILEY and CORN, JJ., dissent.