UNION TRANSPORTATION CO. et al. v. MITCHELL.

No. 33603.  May 31, 1950.

Rehearing Denied June 27, 1950.

*219 P. 2d 1015.*

Steele & Boatman, of Okmulgee, for plaintiffs in error.

Richard A. Hays and James M. Hays, Jr., both of Okmulgee, for defendant in error.

ARNOLD, V. C. J. This action was commenced by the plaintiff, Birdie Holloway Mitchell, on November 14, 1946, in the district court of Okmulgee county, wherein she sought judgment against the defendants, Union Transportation Company, a corporation, and American Fidelity & Casualty Company, its insurance carrier, for damages alleged to have been sustained through the negligent operation of defendants' motor bus on public highway No. 75 on the 15th day of November, 1945.

Plaintiff, in her amended petition, alleged that she boarded one of defendants' buses operated by William Curtis Kendall at Okmulgee and paid her fare for transportation as a passenger thereon to Tulsa; that while occupying a seat thereon and in the exercise of due care for her own safety, the driver negligently and carelessly operated said bus on the public highway between Kiefer and Sapulpa, Okla., and thereby ran into and collided with an automobile traveling in the opposite direction; that said bus was operated at a high and dangerous rate of speed, between 50 and 60 miles per hour; that the driver of said bus, in meeting the approaching car, traveling on the wrong side of the highway, and finding his passengers in perilous circumstances, failed to retard his speed and take other precautionary measures but negligently and carelessly and without exercising due care, continued forward thus adding force to the impact when colliding with said automobile; that after the collision the driver of the bus cut across the highway and partially over an embankment thereby causing plaintiff to be thrown with great force and violence from the seat in which she was riding into the aisle of said bus, resulting in serious and painful injuries to plaintiff which she enumerated in detail; that as a result of said injuries plaintiff suffered great mental anguish and physical pain and loss of earnings and earning capacity together with the expense of medical care and hospitalization and prayed judgment for the sum of $21,000.

Defendants demurred to plaintiff's amended petition, which demurrers were overruled and exceptions saved. Defendants then filed their separate answers, the transportation company alleging in addition to a general denial that the accident and resulting injuries, if any, as alleged by plaintiff, were due solely to the negligence and want of care of the driver of the automobile which was being driven on the highway by parties in a drunken condition and which driver of said automobile carelessly crossed over to the bus' side of said highway without warning, hitting said bus and causing the driver of said bus to lose control of same whereby said bus partially left the highway, all without fault of said defendants or either of them. The defendant insurance company admitted the execution of its policy of insurance and stated that its liability herein to the extent of its policy arises only when judgment has been entered against its codefendant. William Curtis Kendall, the driver of the bus, was not served with process.

On the trial of the case the only evidence in behalf of plaintiff which purported to state the facts in connection with the accident was her own testimony as a witness. Her mother testified as a witness in reference to the condition of plaintiff subsequent to the accident and medical testimony was introduced describing the various injuries and their effect on plaintiff. At the conclusion of plaintiff's evidence in chief defendants demurred thereto which demurrers were overruled. At the conclusion of all the evidence defendants again demurred to the evidence of plaintiff which demurrers were overruled and exceptions saved and they then filed separate motions for a directed verdict which motions were overruled and exceptions saved.

The evidence of plaintiff as to how the collision occurred conformed generally to her allegations.

The trial resulted in a verdict in favor of plaintiff for $5,790, and from the judgment entered thereon after unsuccessful motions for new trail defendants have appealed.

The propositions relied upon for reversal are stated in the brief of defendants as follows:

(1) There is no causal connection between negligence complained of and injury.

(2) The court erred in giving instructions Nos. 4, 5, 6, 7, 9, 10, 11, 12, 14, 15 and 19, over the objections and exceptions of the defendants.

(3) The court erred in refusing and ruling out competent and legal evidence on the part of defendants and in admitting incompetent evidence on behalf of plaintiff.

A careful consideration of the record in this case demonstrates that the second proposition of defendants raises questions of law which are determinative of this appeal and require a reversal of the judgment. By instructions 4, 5 and 6 the trial court told the jury that when plaintiff proved that she was a passenger for hire on the bus of defendant transportation company, that the bus was involved in a collision with another motor vehicle, and that she received personal injuries as a result thereof, she had made a prima facie case of negligence based on inference and presumption and that the burden of proof shifted to defendant transportation company to exonerate itself from the charge of negligence. These instructions read as follows:

"Instruction Number 4

"You are further instructed that where a prima facie case is made out to recover damages for injuries sustained through an accident to a bus upon which a passenger was riding, it devolves upon the bus company, in order to be relieved of liability, to show that the accident could not have been avoided by the exercise of the utmost human prudence and foresight."

"Instruction Number 5

"You are instructed that in a suit by a passenger on a motor bus for injuries sustained by the collision of said motor bus with another vehicle, proof of such collision, the circumstances thereof, and the injury occasioned thereby make a prima facie case of negligence, and casts upon the carrier defendant the burden of showing that it was not negligent."

"Instruction Number 6

"Negligence is the proximate cause of an injury when such injury is the natural and probable result of such negligence, and, in the light of attending circumstances, ought to have been foreseen by a person of ordinary intelligence and prudence.

"You are further instructed that it is not necessary to establish negligence by positive evidence alone, but negligence may be established by facts and circumstances given in evidence upon the trial.

"Negligence is never presumed, but must be proved.

"However, you are further instructed that in a suit for personal injuries, when the plaintiff has shown that he was a passenger, that the bus upon which he was riding was wrecked, and that he received injuries as a direct result of the wreck, thus making for himself a prima facie case based upon the presumption and inference of negligence arising from the facts proven, and this evidence is met by evidence of the defendant tending to exonerate itself from any negligence, the question of whether such evidence is sufficient for this purpose is, ordinarily a question to be determined by the jury."

At the close of instructions 5 and 6 the trial court cited 148 P. 1001. Why this citation was given to the jury in connection with these instructions can only be presumed. It was evidently intended by the trial court to indicate the authority on which those instructions were based. An examination of this citation discloses that it is a reference

to the case of Midland Valley Co. v. Hilliard, 46 Okla. 391, 148 P. 1001. In that case Hilliard was a passenger for hire on a train of the Midland Valley Railway Company between Avant and Pawhuska. Shortly after the train started it reached a bridge across Turkey creek which collapsed under the weight of the train and the coach in which Hilliard was riding was precipitated into the waters of Turkey creek and he lost his personal possessions and was himself injured. This court held that when Hilliard proved that he was a passenger for hire on defendant's train, that the train was wrecked by the collapse of the bridge, and that he suffered injuries by reason thereof, he had established a prima facie case of negligence based on inference and presumption. No direct evidence was adducible to show negligence on the part of the railroad company, but the bridge being the property of and under the control and management of the company, if it had exercised due and proper care in the construction, inspection and correction of structural defects in the bridge, the accident would not have occurred. There was no intervening or concurrent act by any third person so that it is clear that the rule res ipsa loquitur was applicable in that case. It could not be authority for the instructions given to the jury as above set forth. The trial court also cited, under instruction No. 6, 58 P. 2d 507. This was evidently an erroneous citation because the case reported there involved the ownership of shares of stock in a corporation. In the same volume, however, at page 77 is found reported the case of Stroud v. Sinclair Refining Co., a Kansas case, which is a case of alleged negligent injury in which the second and third paragraphs of the syllabus read:

"2. Where the accident or occurrence out of which the injury arises is such that direct evidence of negligence is not available, and the circumstances are such the accident would not have occurred except the defendant be at fault, the circumstances are permitted to be shown as making a prima facie case, under the rule of res ipsa loquitur.

"3. Where the plaintiff's evidence, after showing evidence as indicated in the preceding paragraph, goes further and shows an intervening cause, the rule of res ipsa loquitur no longer may be applied."

Whether this case was the one intended by the trial court to be cited as additional authority for these instructions can only be inferred, but since it announces the same rule as that announced in the Hilliard case it is probably the case intended by the trial court by its citation.

The rule applied by the trial court is applicable only in those cases where the instrumentality which causes an accident is under the exclusive control and management of the person charged with the negligence. Obviously this is not such a case. J. C. Penny Co. v. Forrest, 183 Okla. 106, 80 P. 2d 640; Bewley v. Western Creameries, Inc., et al., 177 Okla. 132, 57 P. 2d 859; Ramsey Oil Co. v. Dunbar, 172 Okla. 571, 46 P. 2d 535.

The instructions, supra, were fundamentally erroneous. The trial court failed to give instruction to the jury on applicable fundamental law of the case and the cause must be reversed.

Reversed.

GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. WELCH and CORN, JJ., dissent.