## CABINISS v. ANDREWS.
### No. 35413.

Supreme Court of Oklahoma.

March 10, 1953.

Rehearing Denied April 21, 1953.

Application for Leave to File Second Petition for Rehearing Denied
June 23, 1953.

Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, for plaintiff in error.

David C. Shapard, Oklahoma City, for defendant in error.

CORN, Justice.

Plaintiff sued to recover damages for personal injuries sustained in a collision

between a milk delivery truck which he was operating and a passenger car driven by defendant. The defendant was charged with negligence in driving at an excessive rate of speed; operating his car in an improper manner and without proper brakes; failing to keep a proper lookout; recklessly driving into plaintiff's path, making it impossible for plaintiff to avoid the accident, but which defendant could have avoided by exercise of ordinary care; and driving in violation of applicable city ordinances.

Defendant answered by general denial, other than admitting an accident occurred, plead plaintiff's contributory negligence by reason of violation of certain city ordinances, and further alleged the accident was the result of unavoidable casualty. Plaintiff's reply denied all allegations of the answer except the ordinances therein plead, which plaintiff charged were violated by defendant.

The record discloses substantially the following facts. In the course of his employment plaintiff was driving his truck east in the 1700 block on 23rd street in Oklahoma City, the morning of April 25, 1950. He was traveling at a rate of 10–15 miles per hour in the extreme right traffic lane, some 2–3 feet from the curb. Defendant had just purchased gasoline at a service station located on the south side of the street and had started to make a turn out of the station driveway and into the street when he observed the delivery truck and a city bus approaching from the west. These vehicles were close together and the bus was attempting to pass the truck, and plaintiff's attention thus was drawn toward the bus, or to his left. The defendant immediately stopped his car so that the front wheels were even with the curb, or at most extended only slightly into the street. Ordinarily plaintiff would have experienced no difficulty in avoiding defendant who was stopped, except that the bus had passed the truck and was bearing to the right in order to reach the regular bus stop just across the intersection. (Rhode Island street which intersects 23rd on east side of the station.) Plaintiff could not turn out to the left, but was forced to bear slightly to the right to escape the bus. In so acting the truck struck defendant's car at the left front door, the collision resulting in plaintiff receiving severe injuries.

The bus driver, a witness for plaintiff, testified his acts had nothing to do with the accident, but admitted plaintiff probably could not have turned out to the left to avoid defendant without hitting the rear of the bus. He did not believe plaintiff could have missed defendant even had the bus not been in such position, since the plaintiff by that time was so close to defendant. There was other evidence that the but, traveling at a substantial rate of speed, passed to the left and then pulled in front of plaintiff's truck to reach the bus stop. And, there was corroborative evidence indicating that the bus, in passing plaintiff at the particular place and in the manner described, prevented plaintiff from bearing to the left in such a manner as to avoid defendant's vehicle. Opposed to this was evidence to support plaintiff's theory of the manner of and reason for the collision, to the effect that defendant suddenly "whipped out" of the service station drive, saw the approaching traffic and stopped suddenly in a position making it impossible for plaintiff to avoid the collision.

At the close of the evidence the trial court in instructing the jury gave the following instruction:

"You are instructed that if you find and believe from the evidence in this case that the collision between these two vehicles was solely caused by the negligence and want of care of the driver for the City Bus Company, and that the defendant was free of negligence, causing or contributing to this accident, then and in that event, your verdict must be for the defendant and against the plaintiff."

After consideration of the case the jury returned a verdict for defendant. Upon hearing of plaintiff's motion for new trial it was urged that the giving of this instruction was reversible error, since no issue relating to negligence of a third party (the bus driver) was tendered by the pleadings; and the evidence was insufficient

182

to establish such negligence. The trial court sustained plaintiff's motion for new trial for the reason the giving of such instruction was improper and prejudicial to the plaintiff.

Defendant has appealed from the order granting new trial, and there is presented for consideration the single question whether the trial court erred as a matter of law in submitting the question of third party negligence for the jury's consideration. Defendant contends the court erred in granting new trial, since it was the trial court's duty to submit to the jury any issue or theory of defense supported by evidence; and the evidence disclosing that plaintiff's injuries resulted from his own negligence together with the negligence of the bus driver, the questioned instruction properly submitted such theory to the jury.

Plaintiff contends a new trial properly was granted, the trial court recognizing that it was reversible error to permit the jury to consider the question of third party negligence when this issue was not tendered by the pleadings nor shown by the evidence. We here note that the weight and sufficiency of the evidence upon an issue of negligence is not for our consideration when a jury's finding thereon is supported by any competent evidence.

Thus it is apparent the decisive question is whether the issue of a third party's negligence could be submitted to the jury for their consideration, in the absence of such issue having been tendered directly by the pleadings.

Supporting his position plaintiff relies upon cases to the effect that it is reversible error to instruct upon an issue which has no application to the issues or the evidence, where it is apparent rights of the losing party were prejudiced thereby. Chickasha Cotton Oil Co. v. Masingale, 199 Okl. 557, 188 P.2d 366; Dickson v. Joy, 188 Okl. 597, 112 P.2d 355.

To the contrary, defendant urges application of the rule which makes it reversible error for a trial court to fail or refuse to instruct the jury upon any issue, theory or defense which the evidence tends

to support. Union Transportation Co. v. Mitchell, 203 Okl. 247, 219 P.2d 1015; St. Louis-San Francisco Ry. Co. v. Floyd, Adm'x, 146 Okl. 42, 293 P. 250, 77 A.L.R. 1431. Defendant further calls attention to the general rule that under general denial and a plea of unavoidable accident the defendant is entitled to rely upon any state of facts which tend to disclose lack of negligence upon his part, without the necessity of pleading such matters as in the nature of an affirmative defense. We recognize the force of this argument, and that such rule is applicable to and controlling in the present case.

Fundamentally this identical question was considered, and resolved in defendant's favor in Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003. Therein we recognized and pointed out that other courts (as cited in the body of the opinion) adhere to the rule that a defendant is entitled to rely upon any facts or circumstances disclosing lack of negligence upon his part, and the trial court is authorized to instruct thereon under the general issue. Inasmuch as this principle is recognized and applied in this jurisdiction, it is apparent that the trial court was required to submit defendant's theory to the jury and in so doing correctly stated the applicable law to the jury. It necessarily follows that it was error to sustain plaintiff's motion for new trial upon the ground that the instruction given was erroneous.

A trial court has a wide discretion in granting new trials, and every presumption will be indulged in favor of the correctness of the trial court's ruling. However, where the record clearly shows the court erred in some pure, simple and unmixed question of law an order granting new trial will be reversed.

The case is reversed and remanded with directions to enter judgment for defendant.

HALLEY, C. J., and DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.

WELCH, J., dissents.