Michael FULLER, a minor, by his mother, Betty Fuller, as next friend, Plaintiff in Error,

v.

Lloyd Gene NEUNDORF, Defendant in Error.

No. 36365.

Supreme Court of Oklahoma.

Dec. 21, 1954.

Rehearing Denied Jan. 18, 1955.

Richard E. Romang, Enid, for plaintiff in error.

Frank Carter, Enid, and Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

O'NEAL, Justice.

This is an action brought by Michael Fuller, a minor, by his mother, Betty Fuller,

as next friend, to recover damages for personal injuries received in an automobile accident. A verdict was returned for the defendant, Lloyd Gene Neundorf, and from the judgment thereon, plaintiff appeals.

The parties thus appear in the same order as they appeared in the trial court, and will be referred to as plaintiff and defendant.

At approximately 9:30 on the night of May 10, 1952, the mother of the minor plaintiff was operating her automobile upon a graveled road in a northerly direction as it approached a dirt road running in an east and west direction as it intersected the graveled road. She was accompanied by Michael, the plaintiff, and another minor son. As her automobile entered the intersection of the two country roads her automobile and an automobile driven by the defendant, traveling westward, collided resulting in injuries to Michael.

Plaintiff pleaded that defendant in the operation of his automobile violated the provisions of Tit. 47 O.S.1951 §§ 121.3, 121.-4 and 121.6; that defendant operated his automobile at a high and excessive rate of speed; failed to keep a proper lookout for the traffic; ran a stop sign and failed to yield the right of way to plaintiff's automobile which had first entered the intersected roadways. Plaintiff further alleged that defendant was guilty of gross and wanton negligence in the operation of his automobile and therefore prayed for both actual and punitive damages.

Defendant's answer contained a general denial, a plea of contributory negligence and that the accident was an unavoidable casualty.

For reversal of the judgment plaintiff asserts:

(1) It was reversible error for the trial court to withdraw from the consideration of the jury the issue of punitive damages;

· (2) It was reversible error for the trial court to instruct the jury on "unavoidable accident" where a plea of contributory negligence was also interposed;

(3) That the admission of certain evidence of a highway patrolman as to whether the defendant "could be reasonably expected to see" the stop sign, resulted in prejudicial error;

(4) Error in giving and refusing to give certain instructions and in misconduct of defendant's counsel in argument to the jury;

(5) That the verdict of the jury is contrary to the evidence.

The record discloses substantially these facts: That the mother of the plaintiff on the night of May 10, 1952, was operating her automobile in a northerly direction upon a country road south of the town of Breckenridge, Oklahoma, and as she approached the intersection of the road running due east and west a collision occurred between her automobile and one driven by the defendant, resulting in injuries to her minor son, Michael. Plaintiff, traveling 45 or 50 miles per hour as she entered the intersection of the roads, observed the lights of an automobile approaching from the east. She was unable to state how far away the car lights appeared to be, and she was unable to state whether she looked either to the right or left prior to entering the intersection of the roads. She neither saw the defendant's car or its lights until her car had entered the intersection.

The record discloses that a stop sign had been erected approximately one and one-half feet from a fence running adjacent to and on the north side of the east and west road. There was evidence tending to establish that the sign was not a regular stop sign but one of a smaller design, and that by reason of its distance from the traveled portion of the east and west road, and the foliage surrounding it, it could not be readily observed. The stop sign at the time of the accident was erected near the northeast corner of the intersecting roads. The physical condition of its location is graphically shown by defendant's Exhibit "4" admitted in evidence by agreement of the parties. Defendant's Exhibit "1" a photograph submitted by agreement of the parties, discloses that a new stop sign was subsequently erected by the Board of County Commissioners adjacent to the traveled portion of the east and west road. The old sign near the fence was located eighteen feet west and thirteen feet north of the present sign's location.

The accident was witnessed by a Mr. Sattelmeier, as he approached at a distance of approximately two city blocks north of the intersection. He observed a car coming from the south and observed a "shine" from a car coming from the east. He could not see the lights of the car from the east as his view was obscured by a field of growing wheat. He stated he traveled the east and west and the north and south roads approximately ten times a week taking his children to and from school; that it was difficult to see the stop sign and that it couldn't be observed unless one knew of its location and was looking for it.

The defendant testified that he was on his way to Enid, Oklahoma on the night of the accident; that he had not traveled over the east and west road for approximately two years prior to the night of the accident; that as he approached the intersecting roads his car was traveling approximately 45 miles per hour. He observed the lights of an automobile coming from the right or north, but did not see any lights or plaintiff's car approaching from the south prior to the accident, and he did not know that the road was protected by a stop sign located near the fence row.

We do not agree with plaintiff's contention that the judgment is contrary to the evidence. The record discloses disputed questions of fact as to whether the plaintiff or the defendant operated their respective automobiles at the intersection of the roads at high and excessive speeds. Also, whether the parties did or could have seen the cars had reasonable care and caution been exercised by them. Also, the evidence is in sharp contrast as to whether the defendant saw or could, by the exercise of reasonable care, have seen the stop sign located on the east and west road. Upon these disputed questions of fact, the jury resolved these issues in favor of the defendant.

■ When a jury's finding upon an issue of negligence is supported by any competent evidence, the weight and sufficiency of the evidence upon such issue is not for Supreme Court's consideration on appeal. See Cabiniss v. Andrews, Okl., 258 P.2d 180.

■ Plaintiff's assertion that the trial court erred in withdrawing from the jury the issue of punitive damages is without merit. Tit. 23 O.S.1951 § 9, provides:

"In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

It may be seen that exemplary damages may be allowed "in addition to the actual damages," and by way of punishment. Where plaintiff's claim for actual damages was not sustained, the claim for punitive damages no longer exists. Moreover, as we view the testimony, there is no evidence warranting a finding that the defendant's acts or conduct establish oppression, fraud or malice, actual or presumed. Before punitive damages may be recovered we must find evidence, which the record here does not show, that the acts complained of were actuated by, or accompanied with some evil intent, or must be the result of such gross negligence, such disregard of another's rights, as is deemed equivalent to such intent. Pure Oil Co. v. Quarles, 183 Okl. 418, 82 P.2d 970; Ruther v. Tyra, 207 Okl. 112, 247 P.2d 964.

■ Plaintiff next contends that the court erred in instructing the jury on "unavoidable accident" where the defendant had also pleaded the defense of contributory negligence. Generally, under the Constitution of Oklahoma, contributory negligence is a question of fact to be left to the jury. Art. XXIII, § 6, Oklahoma Constitution. However, where there is a total absence of evidence in support of the plea of contributory negligence, the court is not required to give an instruction thereon. The ruling in no event was prejudicial to plaintiff as the trial court withdrew from the jury the affirmative defense of contributory negligence pleaded in the answer of the defendant.

We have examined the court's Instruction No. 13 on the defense of "unavoidable accident" which contains an accurate statement of the law.

■ In Wilson v. Roach, 101 Okl. 30, 222 P. 1000, we held that the trial court erred in refusing to give an instruction on unavoidable or inevitable accident where evidence reasonably sustains a finding that the accident happened by and without fault.

In Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003, we held that the court is authorized to instruct on the issue of unavoidable accident whenever the evidence introduced on the trial would justify a finding on such issue. See also Cabiniss v. Andrews, supra.

■ Plaintiff's contention that the court erred in refusing plaintiff's requested Instruction No. 12 is not well taken. In this instruction plaintiff asks the court to tell the jury that they may consider the physical facts of the accident such as the wheel tracks, the debris at the scene of the accident, the distance traveled by the vehicles after the impact and the condition of the vehicles tending to show the manner in which they collided, and that a physical fact existing as a matter of common knowledge or established by evidence beyond room for fair controversy, cannot be overcome by human testimony.

In support of the proffered instruction, plaintiff relies upon Oklahoma Railway Co. v. Ivery, 201 Okl. 245, 204 P.2d 978. The case does not hold that it is the duty of the court to instruct the jury that a set of physical facts cannot be overcome by human testimony. The issue of fact in the Oklahoma Railway Co. case was whether the front of the automobile which was badly crushed indicated that the automobile collided with some object head-on. The driver of the automobile testified that the right hind wheel of the Railway Company's bus caught the left front fender of his car. The photographs of the bus, taken immediately after the accident, showed the car struck the bus in front of the right rear wheel caving in the body of the bus. Upon these physical facts this court announced the rule that a physical fact beyond room for fair controversy, cannot be overcome by human testimony.

■ The record in the instant case discloses that there was no controversy as to the exact point of collision or as to where the defendant's car came in contact with plaintiff's car. It is not the duty of the trial court to determine whether certain physical facts establishes negligence or the want of negligence; that is a question to be resolved by the jury.

■ Plaintiff makes the further contention that certain oral evidence given by a highway patrolman was improperly admitted. The hypothetical question propounded is in substance, as follows: Could a person traveling west in a car at night who was not familiar with the road and had not been on it for two years, could he be reasonably expected to see the road sign and its position the night of the accident? Plaintiff's objection to the question was upon the ground that the jury was in a position to draw its own conclusions. The witness in response to the question gave his answer as "No".

Assuming, without deciding, that the question was improper, we find the plaintiff cannot complaint thereof because he first propounded a like question to the witness, Sattelmeier. After the witness testified that he traveled the two roads frequently at night, as well as in the daytime, plaintiff propounded the question: "Q. Was the sign clearly visible and easy to see, or how was it?" To which he responded: "No, I wouldn't say that it was easy to see."

"Q. Would a stranger coming on that road, would he know and recognize that at night? A. I don't think so, unless he was looking for it.

"Q. He would have to know about it and be looking for it, do you think? A. Yes."

In view of this record the plaintiff is not in a position to complain of the admission of the evidence of the highway patrolman to which we have referred, supra.

We have examined other assignments of error presented and are of the opinion

that they do not present sufficient cause to vacate the judgment.

We agree with plaintiff's contention that the observation made by the opposing counsel in argument that "the case was the case of plaintiff's lawyer and not the case of the plaintiff" was improper. The record does not disclose that plaintiff excepted to the remark, or asked the trial court to withdraw it from the consideration of the jury. We cannot indulge in the presumption that the remark resulted in prejudicial error.

The judgment of the trial court is therefore affirmed.