2006 OK CIV APP 39

### Katie MORGENSTERN, Plaintiff/Appellee,

v.

### Velma Dawnell KNIGHT, Defendant/Appellant.

### No. 101,660.

Court of Civil Appeals of Oklahoma, Division No. 1.

Jan. 13, 2006.

Certiorari Denied March 28, 2006.

Mark S. Stanley Tulsa, OK, for Plaintiff/Appellee.

Galen L. Brittingham, Jamie A. Rogers, Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, Tulsa, OK, for Defendant/Appellant.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶1 Defendant/Appellant, Velma Dawnell Knight, appeals from the district court's order granting a motion for new trial filed by Plaintiff/Appellee, Katie Morgenstern.[1] For the reasons set forth below, we affirm the trial court's judgment.

¶2 This case arises from an automobile accident on October 12, 2004, in Tulsa County. Plaintiff was traveling southbound in the left-hand lane of South Lewis Avenue, a multi-lane thoroughfare. From a parking lot located to the west of Lewis Avenue, Defendant was attempting to make a left-hand turn across southbound traffic when her vehicle collided with the passenger side of Plaintiff's car. Plaintiff sustained bodily injuries in the accident.

¶3 Defendant admitted the following facts. Before attempting to cross over Lewis Avenue, Defendant waited at the parking lot exit for two to three traffic light sequences at a nearby intersection for the traffic to sufficiently clear her intended path of travel. Defendant's vision of the left-hand lane of southbound Lewis Avenue traffic was blocked by other vehicles when she attempted to cross the street. Neither Defendant

1. Rule 1.60, Rules of Supreme Court grants a right to a litigant to appeal an interlocutory order granting a new trial.

nor Plaintiff could see the other's vehicle until an instant before the collision and neither could have avoided the accident at that time. Defendant's vehicle impacted Plaintiff's automobile approximately one to two feet inside the traffic lane in which Plaintiff was traveling. Defendant knew of nothing Plaintiff did to cause the collision nor of anything Plaintiff could have done to avoid the crash. Defendant also acknowledged she told the police officer at the scene the collision was her fault.

¶ 4 At the jury trial, Defendant denied Plaintiff's damages, contested the reasonableness and necessity of Plaintiff's medical expenses, and claimed Plaintiff was contributorily negligent. In support of this later defense, Defendant testified Plaintiff told her at the scene that Plaintiff had been talking to her boyfriend on a cell phone at the time of the accident "and it took [her] a minute to realize what happened." Plaintiff denied making such comment and denied talking on her phone when the accident occurred. Plaintiff's former boyfriend also denied he was talking to Plaintiff on her cell phone at the time of the wreck.

¶ 5 Although the trial judge was clearly hesitant about instructing the jury on the law of contributory negligence, such instructions were nevertheless given. The jury returned a verdict in favor of Plaintiff, but determined she was twenty percent (20%) contributorily negligent. Plaintiff moved for a new trial, asserting *inter alia* that instructing the jury regarding contributory negligence deprived her of a fair trial. *See* 12 O.S.2001 § 651(1). The trial court sustained the motion. From the trial court's judgment, Defendant appeals.

¶ 6 The fundamental question in this case is whether, under the facts of this case, Plaintiff's alleged use of a cell phone during the automobile accident, standing alone or in combination with other facts adduced at trial, constitutes sufficient evidence to warrant submitting the issue of contributory negligence to the jury. We hold that it did not.

■ ¶ 7 Under OKLA. CONST. Art. 23, § 6, contributory negligence is generally a question of fact for the jury to decide. *Fuller v. Neundorf,* 1954 OK 362, ¶ 15, 278 P.2d 836,

839. "However, where there is a total absence of evidence in support of the plea of contributory negligence, the court is not required to give an instruction thereon." *Id.* Accord *Rogers v. Baptist Gen'l Convention of State of Okla.,* 1982 OK 69, ¶ 14, 651 P.2d 672, 675 n. 2. In the seminal case *Miller v. Price,* 1934 OK 332, 33 P.2d 624, the Court held the issue of contributory negligence should not be submitted to the jury "if there is no evidence of contributory negligence, or from which contributory negligence may be inferred or presumed, . . ." *Id.* at ¶ 23, 33 P.2d at 628–9. Accord *Thomason v. Pilger,* 2005 OK 10, ¶ 8, 112 P.3d 1162, 1165–6. We also reiterate that where "there is no evidence justifying the giving of a contributory negligence instruction, it not only should not be given, but it is reversible error if given." *Mouser v. Talley,* 1962 OK 203, ¶ 9, 375 P.2d 968, 970.

■ ¶ 8 Defendant claims the trial court properly instructed the jury regarding contributory negligence because a reasonable inference of negligence on Plaintiff's part may be drawn from: Defendant's testimony that Plaintiff admitted to being on the phone at the time of the accident and did not know what happened, combined with evidence that Plaintiff did not brake or swerve to avoid the accident and Defendant's vehicle was only one or two feet in Plaintiff's lane at impact. We disagree that such an inference may be drawn. First, it is undisputed Plaintiff could not see Defendant's vehicle until, at the earliest, an instant before impact and Defendant testified there was nothing Plaintiff could have done to avoid the collision. Defendant also cites no authority, and we are unwilling to so pronounce, that the use of a cell phone while driving an automobile which is involved in an accident, without more, creates an issue of fact as to whether the cell phone user is guilty of contributory negligence. Under the facts of this case, we conclude there is a complete absence of proof of contributory negligence or other circumstances—including the combination of Plaintiff's alleged cell phone use with any other evidence—from which contributory negligence may be inferred or presumed.

¶ 9 "A motion for new trial is addressed to the sound discretion of the trial court. Unless it is apparent that the trial court erred in some pure question of law or acted arbitrarily the ruling will not be disturbed on appeal." *Barringer v. Baptist Healthcare of Okla.,* 2001 OK 29, ¶ 5, 22 P.3d 695, 698. We find no abuse of discretion. Having decided the trial court properly granted Plaintiff's motion for new trial on contributory negligence grounds, we need not address Defendant's arguments regarding other errors Plaintiff alleged were committed during the course of trial which warranted a new trial. Accordingly, the judgment of the trial court is affirmed.

¶ 10 AFFIRMED.

HANSEN and JOPLIN, JJ., concur.